UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

JEMALY THELUSMA,

    Plaintiff,

                                  COMPLAINT

    v.                             JURY DEMAND

**THE CITY OF NEW YORK, POLICE
OFFICER JOHN DOE
POLICE OFFICER JOSEPH
ALGERIO BADGE NUMBER 944312)
    Defendants.**

_____

Plaintiff JEMALY THELUSMA, by and through his attorneys, the law firm of GROSS & GONZALEZ LLC., states as follows:

1. On or about September 11, 2013 Plaintiff Jemaly Thelusma ("THELUSMA") was surrendered to police custody to the 113th Precinct.
2. THELUSMA was specifically surrendered to Officer Joseph Algerio.
3. THELUSMA surrendered after being told by officer Algerio he had a police warrant for his arrest.
4. THELUSMA was informed Police were looking for him on Weapon Possession Charge and was told if he was found in the street he will be arrested immediately..
5. The basis for the alleged warrant were that on or about September 5, 2013,police officer Algerio went inside 113-11 201 Street ,County of Queens, State of New York,
6. On that date and time he allegedly found weapons and forged instruments in a safe in this above noted apartment.
7. On the date in question, Mr. Jemaly Thelusma did not reside at mentioned location nor had any knowledge of items in that apartment or safe.
8. THELUSMA in actuality resided in Kings County.
9. THELUSMA at that moment was not aware of any violation or infraction of any rule or regulation he had committed.
10. THELUSMA was told about incident from his cousin and neighbors and was told police were looking for him days after the incident occurred.

11. THELUSMA complied and surrendered to police immediately after his Lawyer confirmed he was an alleged subject in an investigation.
12. Upon surrendering to Police Department, he was immediately detained.
13. THELUSMA was handcuffed.
14. THELUSMA was arrested.
15. Then taken to Central Bookings after being processed.
16. .THELUSMA was arraigned, after being detained for two days.
17. Bail was set in the amount of $25,000.00 and THELUSMA was then as a result held at rikers island.
18. ALL CHARGES were dismissed on May 18, 2015.
19. The basis of the dismissal was that there was no evidence to prove THELUSMA 'actually' possessed a weapon or had knowledge of weapon or forged instruments in said location. Which had been what THELUSMA held out to be true from the onset.. that he NEVER and AT NO POINT possessed any WEAPON.
20. THELUSMA was caused to suffer severe emotional distress as a result of the instant incident.
21. THELUSMA has suffered severe emotional distress s a result of this incident.
22. THELUSMA was detained against his will in central booking and then detained at rikers island.
23. NYPD officers systematically, and without care or regard for the well being of THELUSMA acted maliciously, purposely, and with intent of causing significant injury causing injury to THELUSMA.

## JURISDICTION

24. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983.
25. Supplemental jurisdiction over THELUSMA's pendent state law claims exists pursuant to 28U.S.C. § 1367(a).

26. Plaintiff has complied with the requirements of New York General Municipal Law Section 50-1. THELUSMA made and served a notice of claim on all municipal defendants, within the time required by New York General Municipal Law Section 50-e. More than thirty days have elapsed since the service of those notices, and no offer of settlement has been made.

## VENUE

27. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York, the judicial district in which the claims arose, in which THELUSMA currently resides, and in which defendants NYPD, namely 113th Precinct, conduct their business and where the underlying incident alleged occurred.

## JURY DEMAND

28. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

Plaintiff THELUSMA is, and at all times material to this Complaint was, a citizen and resident of the State of New York. He resides in Brooklyn, NY.

29. Defendant City of New York is a properly incorporated municipality for and under the purposes of Monell and its progeny.

30. Officer Algerio at all times since the instant allegations arose was a police officer of the NYPD.

## DAMAGES

31. The actions of the defendants deprived plaintiff THELUSMA of his civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the laws and Constitution of the State of New York.

32. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of the defendants caused THELUSMA to be wrongly seized, maliciously prosecuted, unfairly subjected to illegal searches and cruel and unusual punishment during the course of his prosecution and incarceration.

33. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused THELUSMA the following injuries and damages, which continue to date and will continue into the future: multiple physical assaults and batteries, including assaults of a sexual nature, and other physical injuries; pain and suffering; severe mental anguish; loss of educational opportunity; loss of professional opportunity; loss of income; out-of-pocket legal expenses for appellate representation; infliction of physical illness; inadequate medical care; humiliation, indignities and embarrassment; degradation; permanent loss of natural psychological development; and restrictions on all forms of personal freedom including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment, and expression, for which he is entitled monetary relief.

34. All the acts and omissions committed by the defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages.

## COUNT 1

## 42 U.S.C. § 1983 False Arrest of Mr. THELUSMA

### As against all defendants

THELUSMA hereby incorporates by reference all of the foregoing paragraphs 1- 34 and further alleges as follows.

35.     As against ALL Defendants THELUSMA notes that he was placed into handcuffs and arrested by Defendant Officer Algerio . Defendant ALGERIO was acting within the scope of his employment as a police officer of the City of New York and was in full uniform at the time of the incident. Furthermore, Defendant City of New York, under Monell, is liable under a theories of;

36.     Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147. In the that the NYPD has been found to have a policy of stop and frisk which illegally targets persons of color for illegal stops searches and seizures of their person. See Floyd v. City of New York, 959 F Supp. 2d 540. The imprisonment stemming from such claims must inherently be seen as false imprisonment.

37.     IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. hime the Courts have noted that generally constructive knowledge of a practice is sufficient for liability. here the Court must clearly note that there is pattern of detainees being held subsequent to bail, and more aptly that custom of NYPD officers is to engage in such reckless behavior causing injury and false imprisonment to citizens.

38.     IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canoton v. Harris, 489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to falsely arrest, detain, and imprison citizens given recent trends this may in actuality not be true at all, and seemingly the need has never in actuality been greater.

39. As a direct and proximate result of the defendants' actions Mr. Thelusma was wrongly charged, detained and placed bail upon, and suffered the other grievous and continuing injuries and damages as set forth above.

40. Defendant was caused to lose his liberty and mount a defense against wholly unfounded, unreasonable and baseless charges.

## COUNT II
### 42 U.S.C. § 1983 false imprisonment

### Against ALL DEFENDANTS

Ms THELUSMA hereby incorporates and references all of the foregoing paragraphs (1 - 40) and further alleges as follows.

41. Defendants acting individually and in concert, falsely imprisoned PLAINTIFF, thereby depriving THELUSMA of his Fourteenth Amendment (as incorporated) right not to be illegally seized.

42. Specifically, Defendant THELUSMA and his cohorts illegally detained and imprisoned THELUSMA for a crime they knew he did not commit, which he denied, and which a DNA report later would corroborate had not occurred. Furthermore, which

43. THELUSMA was aware of the imprisonment He did not consent There was no privilege nor cause Furthermore, deliberately and recklessly failed to investigate leads pointing toward THELUSMA's innocence, including but not limited to seeking an immediate DNA report. Defendant ALGERIO is liable as he directly took THELUSMA into custody and caused him arrest and detention.
Defendant City of New York, under Monell, is liable under a theories of;

   I.   Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147. In the that the NYPD has been found to have a policy of stop and frisk which illegally targets persons of color for illegal stops searches and seizures of their person. See Floyd v. City of New York, 959 F Supp. 2d 540. The imprisonment stemming from such claims must inherently be seen as false imprisonment.
   II.  IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. hime the Courts have noted that generally constructive knowledge of a practice is sufficient for liability. here the Court must clearly note that there is pattern of detainees being held subsequent to bail, and more aptly that custom

        of NYPD officers is to engage in such reckless behavior causing injury and false imprisonment to citizens.

   III.   IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canoton v. Harris, 489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to falsely arrest, detain, and imprison citizens given recent trends this may in actuality not be true at all, and seemingly the need has never in actuality been greater.

44.   As a direct and proximate result of the defendants' actions THELUSMA was wrongly imprisoned, and suffered the other grievous and continuing injuries and damages as set forth above.

## COUNT III

### 42 U.S.C. § 1983 malicious prosecution

45.   THELUSMA hereby incorporates by reference all of the foregoing paragraphs (1 - 44).

46.   Defendant City of New York, through its agent the Assistant District Attorney assigned to the matter, maliciously prosecuted THELUSMA.

47.   To whit, Defendant continued to prosecute THELUSMA although they were clear they did not have case, specifically that the Weapon was not founded in possession of THELUSMA Yet he was charged nonetheless,

48.   In the instant matter a prosecution was commenced against Thelusma, as per the clear disposition of the matter and the underlying accusatory instruments.
.
49.   The prosecution terminated favorably in that the matter was fully dismissed

50.   Finally, we allege maliciousness on the part of the People in that they were again aware of the fact that the alleged Weapon was not in Thelusma's possession nor was there evidence that Mr. Thelusma had any connection to the weapon. Secondarily, the people were in possession of this information  and maliciously, purposely, recklessly, and without cause delayed the release of Plaintiff.

Defendant City of New York, under Monell, is liable under a theories of;

51.     Under Pembaur v. City of Cincinnati, 475 US 469, the Court held that the decision of a final policy maker could constitute official policy. In the instant matter there clearly was a decision to continue prosecution as against THELUSMA, regardless of if the decision was made at the level of the ADA handling the case or the District Attorney himself, we would present that this individual by definition acted as a final decision maker and as such for Monell purposes liability should properly lie
- IV.    Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147. In that the District Attorney's office regularly prosecutes cases and makes decisions to continue prosecutions as against defendants under the weight of the evidence,
- V.     IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. hime the Courts have noted that generally constructive knowledge of a practice is sufficient for liability.

## COUNT VI

**42 U.S.C. § 1983 Claim for Supervisory Liability Against CITY OF NEW YORK**

52.     THELUSMA hereby incorporates by reference all of the foregoing paragraphs (1 - 52) and further states as follows.

53.     Defendant acted with deliberate indifference, recklessness, and/or gross negligence to the constitutional rights of citizens by failing to provide adequate training, supervision, and discipline of its agents, and thereby caused THELUSMA'S rights to due process, and rights against unlawful search and seizure, were violated.

54.     The deliberately indifferent, reckless, and/or grossly negligent conduct of defendant violated a clearly established duty..

55.     Defendant's actions and omissions proximately and directly caused THELUSMA to be wrongly arrested and prosecuted

## COUNT VII

**42 U.S.C. § 1983 Claim for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

56. THELUSMA hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows (1 - 55)
.
57. By their conduct and under color of state law, defendants and Supervisors had opportunities to intercede on behalf of THELUSMA to prevent a false prosecution however no one did.

58. THELUSMA was detained and housed in central bookings as well as Rikers Island causing significant and extreme emotional distress given he was charged with a crime the evidence clearly now shows he did not commit.

58. THELUSMA was subjected to a dark and dirty cell containing rodents and insects, as well as other pests.

59. The accommodations wreaked of urine and bodily fluids

60. He was not provided food of his choosing.

61. He was not at liberty to leave.

62. The defendants' failures causing extreme emotional distress causing psychological damage and pain leading to anxiety, depression, lack of sleep, insomnia, pain.

63. As a direct and proximate result of the defendants' failures THELUSMA was injured and suffered the other grievous and continuing injuries and damages as set forth above.
Defendant City of New York, under Monell, is liable under a theories of:

   VI. Officially promulgated policy, under Lanier V. Woodburn, 518 F3d 1147. In the that the NYPD has been found to have a policy of stop and frisk which illegally targets persons of color for illegal stops searches and seizures of their person. See Floyd v. City of New York, 959 F Supp. 2d
   VII. IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. hime the Courts have noted that generally constructive knowledge of a practice is sufficient for liability. We would ask the Court take judicial notice of Floyd, regarding this custom and practice.
   VIII. IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canton v. Harris,

489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to brutally injure, beat, and disfigure citizens the proliferation of such events would clearly seem to state otherwise.

## COUNT VIII

### 42 U.S.C. § 1983 Civil Rights Conspiracy Claim

THELUSMA hereby incorporates by reference all of the foregoing paragraphs(1 - 63) and further alleges as follows.

64. Defendants, and others yet unknown agreed among themselves and with other individuals to act in concert in order to deprive THELUSMA of his clearly established Fourth, Fifth, and Fourteenth Amendment rights.

65. In furtherance of the conspiracy the defendants engaged in and facilitated numerous overt acts, including, without limitation, the following:

   1. Defendants threatened and harassed Mr. THELUSMA.
   2. Defendant's took THELUSMA into custody.
   3. He was fingerprinted
   4. Caused to be detained
   5. Was forced to be arraigned
   6. Was detained on bail
   7. Was transferred to rikers island where he was held for several days

## Count XII

### State Law Claim for Malicious Prosecution
### Against Defendants Levine, McIntyre, Tumolo, Stephens, and Roh

66. THELUSMA hereby incorporates by reference all of the foregoing paragraphs (1 - 65) and further alleges as follows.

67. Defendants, despite knowing that probable cause did not exist to arrest and prosecute THELUSMA for POSSESSION OF A WEAPON.

68.     despite the fact that the grand jury's probable cause determination was vitiated by the defendants' undisclosed misconduct and by other concealed, material, exculpatory and impeachment evidence, acted individually and in concert to cause THELUSMA to be arrested and prosecuted for those crimes.

69.     The defendants' conduct violated Mr. THELUSMA'S right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free of unreasonable searches and seizures, and proximately caused his wrongful conviction.

70.     Specifically, defendant THELUSMA knew or in the absence of their deliberate and reckless indifference to the truth should have known of information that probable cause did not exist to arrest and prosecute THELUSMA, including but not limited to the facts that the weapon was not in Mr. Thelusma's possession.

71.     Defendants' actions to deprive THELUSMA of his liberty without probable cause were in violation of clearly established constitutional law, and no reasonable police officer would have believed that the defendants' actions were lawful.

72.     As a direct and proximate result of the defendants' actions THELUSMA was wrongly persecuted, and suffered the other grievous and continuing injuries and damages as set forth above.

## COUNT XIII

### State Law Claim for Intentional or Reckless Infliction of Emotional Distress

73.     THELUSMA hereby incorporates by reference all of the foregoing paragraphs (1 - 72) and further alleges as follows.

74.     The conduct of defendants in deliberately causing, or recklessly disregarding the risk of causing, the wrongful arrest, prosecution, and incarceration of Jelamy Thelusma was extreme and outrageous, and directly and proximately caused the grievous and continuing injuries and damages set forth above.

75.     Defendants' actions intentionally to inflict emotional distress upon Mr. Thelusma were in violation of clearly established law, and no reasonable police officer would have believed that the defendants' actions were lawful.

## COUNT XIV

### State Law Claim for Negligent Infliction of Emotional Distress

76.     THELUSMA hereby incorporates by reference all of the foregoing paragraphs(1 - 75) and further alleges as follows.

77.     Defendants negligently and grossly negligently, and in breach of their duties owed to THELUSMA to refrain from (a) fabricating evidence, (b) withholding material, exculpatory and impeachment evidence, (c) failing to conduct a constitutionally adequate investigation, and (d) maliciously prosecuting

78.     The defendants' actions caused THELUSMA to suffer physical harm, including physical ailments resulting from the circumstances and duration of his wrongful incarceration, and to fear for him physical safety throughout the period of incarceration.

## Respondeat Superior Claim Against NEW YORK CITY

79.     THELUSMA hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

80.     At all times relevant to this complaint defendant Algerio acted as an agent of, and in the scope of his employment with, defendant New York City.

81.     The conduct by which defendant THELUSMA committed the torts of malicious prosecution, intentional or reckless infliction of emotional distress, and negligent infliction of emotional distress was undertaken while THELUSMA was carrying out his routine function as a POLICE OFFICER, and was engaged in such conduct as would have been reasonably expected by, and was in fact foreseen by his employer.

82.     New York City is liable for THELUSMA's state law torts of malicious prosecution, intentional or reckless infliction of emotional distress, and negligent infliction of emotional distress under the doctrine of respondeat superior.

   **WHEREFORE,** Plaintiff THELUSMA prays as follows:

That the Court award compensatory damages to him and against the defendants, jointly and severally, in the amount of $5,000,000.00
That the Court award punitive damages to him, and against all non-municipal defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;
For a trial by jury;

For pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and
For any and all of him relief to which he may be entitled.

Respectfully submitted,

\_\_\_\_\_/s/_____

Carlos Gonzalez, Esq. (CG6055)

Gross & Gonzalez LLC

436 East 149th Street

Bronx, NY 10455

718-665-1600

carlos@grossandgonzalez.com